ORIGINAL

SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. |
| v. | 3-23CR0249-E |
| MRUNAL DESAI (01)<br>CHINTAK DESAI (02) | **FILED UNDER SEAL** |

**INDICTMENT**

The Grand Jury charges:

At all times material to this indictment:

General Allegations

1.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted on or about March 27, 2020, to provide emergency financial assistance to Americans suffering economic harms from the COVID-19 pandemic. To achieve this goal, the CARES Act established new temporary programs and expanded existing programs administered by the United States Small Business Administration ("SBA").

The Paycheck Protection Program

2.     One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). Businesses could apply for PPP loans by submitting a PPP loan application known as a SBA Form 2483.

3.     The PPP loan application required that businesses acknowledge, through authorized representatives, the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, businesses, through authorized representatives, were required to state their: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the applicant businesses were eligible to receive under the PPP. In addition, businesses were required to provide documentation evidencing their payroll expenses. Typically, businesses would supply documents showing the amount of payroll taxes reported to the United States Internal Revenue Service ("IRS").

4.     A PPP loan application was processed by a participating lender or the participating lender's designee. If a PPP loan application was approved, the lender funded the PPP loan using the lender's money and the loan was fully guaranteed by the SBA. Data from the loan application, including information about the borrower, payroll expenses, and the total amount of the loan, were transmitted by the lender to the SBA in the course of processing the loan.

5.     PPP loan proceeds were required to be used by the business on certain permissible expenses, that is, payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on permissible expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

## The Defendant and Relevant Entities

6. Nanosoft Technologies was a purported technology company with its principal address in California.

7. Defendant **Mrunal Desai** was the president of Nanosoft Technologies.

8. Defendant **Chintak Desai** was a business associate of defendant **Mrunal Desai**.

9. Dominion Bank was located in Dallas, Texas, in the Northern District of Texas, was a financial institution, as defined in 18 U.S.C. § 20, and was insured by the Federal Deposit Insurance Corporation ("FDIC"). Dominion Bank participated in the PPP as a third-party lender.

Counts One and Two
Bank Fraud and
Aiding and Abetting Bank Fraud
[Violation of 18 U.S.C. §§ 1344(2) and 2]

10. Paragraphs 1 through 9 of this indictment are realleged and incorporated by reference as though fully set forth herein.

The Scheme

11. From on or about April 1, 2020, through on or about September 30, 2021, defendants **Mrunal Desai** and **Chintak Desai** sought to unlawfully enrich themselves by submitting, and causing to be submitted, false and fraudulent loan applications to a financial institution under the PPP.

12. It was part of the scheme that on or about April 29, 2020, defendants **Mrunal Desai** and **Chintak Desai** submitted, and caused to be submitted, to Dominion Bank PPP loan applications that falsely described **Mrusnal Desai** and **Chintak Desai's** average monthly payroll.

13. It was further part of the scheme that as part of their PPP loan applications, defendants **Mrusnal Desai** and **Chintak Desai** submitted, and caused to be submitted, fraudulent IRS forms that falsely described **Mrusnal Desai** and **Chintak Desai**'s purported 2019 business income from Nanosoft Technologies, when in fact **Mrusnal Desai** and **Chintak Desai** received no payments in 2019 from Nanosoft Technologies.

14. Thereafter, Dominion Bank approved **Mrusnal Desai's** and **Chintak Desai's** PPP loan applications.

**Indictment—Page 4**

15. On or about May 8, 2020, defendant **Mrunal Desai** caused Dominion Bank to deposit approximately $20,832.50 in fraudulently obtained PPP loan proceeds into a bank account controlled by **Mrunal Desai**.

16. On or about May 8, 2020, defendant **Chintak Desai** caused Dominion Bank to deposit approximately $20,832.50 in fraudulently obtained PPP loan proceeds, into a bank account controlled by **Chintak Desai**.

17. On or about September 13, 2021, Dominion Bank forgave defendants **Mrunal Desai** and **Chintak Desai**'s PPP loans.

## The Charges

18. From on or about April 1, 2020, through on or about September 30, 2021, in the Northern District of Texas and elsewhere, defendants **Mrunal Desai** and **Chintak Desai**, did knowingly execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, Dominion Bank, by means of materially false by submitting, and causing to be submitted fraudulent PPP loan applications to Dominion Bank, that are listed below, each constituting a separate count:

| Count | Date | Defendant | Amount Requested | Amount Funded |
|---|---|---|---|---|
| One | 4/29/2020 | **Chintak Desai** | $22,362 | $20,832.50 |
| Two | 4/29/2020 | **Mrunal Desai** | $25,858 | $20,832.50 |

All in violation of 18 U.S.C. §§ 1344(2) and 2.

Forfeiture Notice
[18 U.S.C. § 982(a)(2)]

19. The allegations of this indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants **Mrunal Desai** and **Chintak Desai** have an interest.

20. Upon conviction for the offense alleged in Counts One and Two of this indictment and pursuant to 18 U.S.C. § 982(a)(2), defendants **Mrunal Desai** and **Chintak Desai** shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense.

21. The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" constituting the gross proceeds traceable to the offense, and substitute assets pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

_____
FOREPERSON

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
FABIO LEONARDI
Assistant United States Attorney
New York State Bar No. 4902938
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8809
Email: fabio.leonardi@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

MRUNAL DESAI (01)
CHINTAK DESAI (02)

SEALED INDICTMENT

18 U.S.C. § 1344(2) and 2
Bank Fraud and
Aiding and Abetting Bank Fraud
(Counts 1 and 2)

18 U.S.C. § 982(a)(2)
Forfeiture Notice

2 Counts

A true bill rendered

_____
DALLAS                                                FOREPERSON

Filed in open court this 21 day of June, 2023.

_____

**Warrant to be Issued for all Defendants**

_____

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending